**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                    :
                                          :  CASE NO. 12-02042 (MCF)
JULIO E. GIL DE LAMADRID                  :
                                          :  CHAPTER 13
                                          :
              Debtor                      :
_____   :
                                          :
JULIO E. GIL DE LAMADRID                  :  ADVERSARY NO. 13-199 (MCF)
                                          :
              Plaintiff                   :
                                          :
              vs.                         :
                                          :
POPULAR AUTO AND VERONICA DURAN           :
CASTILLO                                  :
                                          :
              Defendants                  :
_____   :

**OPINION AND ORDER**

The Plaintiff Julio E. Gil de la Madrid ("Debtor") filed an action against the Defendants Popular Auto, Inc. ("Popular Auto") and Veronica Durán Castillo (hereinafter collectively, "the Defendants"), for unlawfully repossessing a vehicle in willful violation of the automatic stay provision, pursuant to 11 U.S.C. § 362(a).[1] Pending before the Court is the Debtor's motion for summary judgment and the Defendants' opposition and cross-motion for summary judgment. For the reasons stated below,

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

- 1 -

the Debtor's motion for summary judgment is denied and the Defendants' cross motion for summary judgment is granted.

## I. UNCONTESTED FACTUAL BACKGROUND

The Debtors, Julio E. Gil de la Madrid and Matilde de Jesus Rivera, filed a joint bankruptcy petition under Chapter 13 of the Bankruptcy Code on March 20, 2012.[2] The Debtors listed their interest as lessees on a motor vehicle in schedule G.[3] On April 11, 2010, Popular Auto filed a secured proof of claim for $35,358.56.[4] The claim described the make, model, year and vehicle identification number ("VIN") of the motor vehicle that served as collateral for Popular Auto's secured claim. The claim contained: (1) a lease contract for the purchase of the vehicle and (2) a copy of the certificate of title for the vehicle issued by the Puerto Rico Department of Motor Vehicles ("PRDMV").

On July 5, 2013, Popular Auto, the lessor, filed a motion for relief from the automatic stay, pursuant to § 362(d)(1)-(2)(the "362 Motion").[5] Popular Auto used a Form 16D caption for adversary proceedings (hereafter, "double caption") in its 362

---

[2] Docket No. 1, Lead Case No. 12-02042. Subsequently, on June 13, 2012, the Chapter 13 Trustee's motion to dismiss (Docket No. 9) was granted and the case was dismissed (Docket No. 26). The Debtors filed a reconsideration of dismissal (Docket No. 28) on June 28, 2012, which was granted by the Court and the case was re-opened on August 1, 2012 (Docket No. 33).

[3] Docket No. 32, Lead Case No. 12-02042.

[4] Claim No. 4, Lead Case No. 12-02042.

[5] Docket No. 126, "MOTION REQUESTING RELIEF FROM STAY," Lead Case No. 12-02042.

Motion. The top portion of the caption contained the names of the Debtors. The bottom caption contained the name of Matilde de Jesus Rivera, the titleholder of the vehicle, as respondent in the motion for relief.[6] However, the bottom caption did not have the name of Debtor Julio E. Gil de la Madrid. Nevertheless, the Notice of the 362 Motion contained the names of joint Debtors in the top and bottom portions of the caption. In addition, the contents of the Notice named the joint Debtors and the Chapter 13 Trustee.[7] According to the Certificate of Service, Popular Auto notified each joint Debtor by certified mail with return receipts requested, as evinced with the green and white return receipts.[8] Popular Auto also notified joint Debtors' counsel of record.[9]

The 362 Motion contained as exhibits (1) the contract for the lease of the vehicle and (2) a copy of the certificate of title for the vehicle issued by the PRDMV. Both documents describe the make of the vehicle as a Mercedes Benz, 2010 year, and VIN #4JGBF2FE1AA563295. However, the vehicle's description as to model did not match in both documents. The copy of the certificate of title of the vehicle identified the Mercedes Benz

---

[6] Id.
[7] Docket No. 126, "NOTICE OF MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. §362," Lead Case No. 12-02042.
[8] Docket No. 33, "AMENDED STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT." at Exhibits H & I, Adversary Case No. 13-00199.
[9] Id. at Exhibit G.

as a Q3 model while the lease contract identified it as a GL350BTC model. Furthermore, the 362 Motion pleadings described the Mercedes Benz as a GL320 model and 2009 year. All the documents in the 362 Motion reported the same VIN #4JGBF2FE1AA563295.

The 362 Motion stood unopposed by the Debtors. On July 26, 2013, this Court granted Popular Auto's 362 Motion by default and issued the order to lift the automatic stay.[10]  On August 15, 2013, Popular Auto repossessed a Mercedes Benz make, <u>GL350 BTC model</u>, and year <u>2010</u> vehicle. [11] The VIN #4JGBF2FE1AA563295 of the repossessed vehicle corresponded with the VIN in the 362 Motion.[12]  On August 30, 2013, this Court granted Matilde de Jesus Rivera's request for voluntary dismissal of her bankruptcy case but the bankruptcy case continued as to the Debtor, Julio E. Gil de la Madrid.[13]

On September 24, 2013, the Debtor filed an adversary complaint against Popular Auto and Veronica Durán Castillo, the attorney representing Popular Auto in the bankruptcy case. The Debtor alleged in his complaint that Defendants violated the

---

[10] Docket No. 134 "ORDER LIFTING THE AUTOMATIC STAY IN FAVOR OF MOVANT," Lead Case No. 12-02042.

[11] Docket No. 28, Adversary Case No. 13-00199, "MOTION FOR SUMMARY JUDGMENT" at 3, ¶ 13; Docket No. 33, "AMENDED STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT  AND COUNTER MOTION FOR SUMMARY JUDGMENT" at 4, ¶ 13.

[12] <u>Id.</u>

[13] Docket No. 157, Lead Case No. 12-02042.

- 4 -

automatic stay when Popular Auto repossessed a vehicle not described accurately as the collateral subject to the order for relief of the automatic stay issued by this Court.[14] On July 1, 2013, the Debtor filed a motion for summary judgment for Defendants' alleged violation of the automatic stay.[15] An opposition brief ensued, along with Defendants' cross-motion for summary judgment on July 7, 2014.[16] After parties presented their oral arguments before the Court on December 3, 2014, the Court took the matter under advisement.

## II. JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1984 (Torruella, C.J.), which refers title 11 proceedings to the Bankruptcy Court. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## III. POSITIONS OF THE PARTIES

This case presents two issues. Issue number one is whether Popular Auto willfully violated the stay when it failed to provide notice to the Debtor of its motion relief of stay by

[14] Docket No. 1, Adversary Case No. 13-00199, "COMPLAINT" at 2 ¶ 2; Id. at 4 ¶¶ 12, 13.

[15] Docket No. 28, Adversary Case No. 13-00199, "MOTION FOR SUMMARY JUDGMENT."

[16] Docket No. 33, Adversary Case No. 13-00199, "AMENDED STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT."

- 5 -

omitting the Debtor's name in the caption of the motion. Issue number two is whether Popular Auto willfully violated the automatic stay when it repossessed a vehicle described imprecisely in the pleadings of the 362 Motion granted by this Court.

**A. DEBTOR'S POSITION**

First, the Debtor alleges that the repossessed collateral was not the vehicle described as the collateral in the 362 Motion this Court granted. Second, the Debtor alleges that the omission of his name in the heading in the 362 Motion constitutes a lack of adequate notice. The Debtor submits in the alternative, outside the willful violation arguments, that Popular Auto was not entitled to the stay relief granted on the vehicle.

**B. POPULAR AUTO's POSITION**

Popular Auto alleges that the joint Debtors and their attorneys of record received adequate notice of the 362 Motion. Popular Auto purports that the documentary evidence accompanying the 362 Motion properly described and identified the motor vehicle later repossessed. Finally, Popular Auto contends that the Debtor is precluded from re-litigating the issue of Popular Auto's entitlement to relief from the automatic stay.

**IV. DISCUSSION**

**A. STANDARD FOR SUMMARY JUDGMENT**

Rule 56(a) of the Federal Rules of Civil Procedure is made applicable in adversary proceedings through Fed. R. Bankr. P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The proponent of a motion for summary judgment may effectively end the case without going to trial unless the party that opposes it can identify a genuine issue as to a material fact. A genuine issue is one where "the evidence on the point is such that a reasonable jury, drawing favorable inferences, could resolve the fact in the manner urged by the nonmoving party." Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 428 (1st Cir. 1996). "Material" means that a contested fact has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." Id. (Quotations omitted). A genuine issue cannot be established by the nonmoving party through "conclusory allegations, improbable inferences, and unsupported speculation." Medina–Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Altogether, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

- 7 -

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The record must be viewed in the light most favorable to the nonmoving party. Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000). All reasonable inferences to be drawn from the facts must be held in the manner most favorable to the nonmovant. In re  Varrasso, 37 F.3d 760, 763 (1st Cir. 1994). Summary judgment is precluded if a reasonable trier of fact can draw other inferences from the totality of the circumstances, as revealed by undisputed evidence. Id. (citing Blanchard v. Peerless Ins. Co., 958 F.2d 483, 488 (1st Cir. 1992)).

**B. WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence these three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result

- 8 -

of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-578 (B.A.P. 1st Cir. 2012).

"A violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case. Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F.3d 367, 374 (1st Cir. 2011). See also Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) ("A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay [. . .] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation"). Thus, "without a willful violation, the damages provision of § 362 by its terms, is irrelevant." Laboy, 647 F.3d at 373-374.

**C. LACK OF ADEQUATE NOTICE IN THE CAPTION**

The Debtor alleges that the omission of his name in the heading of the 362 Motion constitutes a lack of adequate notice that resulted in the willful violation of the automatic stay.

Basic motions practice requires that "[e]very pleading should contain a caption with the court's name, a title, a file number and a Rule 7(a) designation. The title of the complaint must name all the parties . . ." Fed. R. Civ. P. 10(a).  Popular

- 9 -

Auto used a double caption for its 362 Motion. Debtor submits that Popular Auto's omission of his name in the 362 Motion as "defendant," failed to provide him adequate notice of the impending execution on his vehicle. Popular Auto named the joint Debtors in the top caption of the 362 Motion. However, the bottom caption in the motion contained the name of Matilde de Jesus Rivera, named as respondent in the relief of stay action.[17] As the record will demonstrate, the Debtor was not prejudiced as a result of Popular Auto's omission of the Debtor's name as a respondent in the caption of the 362 Motion.

The argument before the Court is of the type that gives litigation a bad name. It is apodictic that the form of a writ should not prevail against its substance so as to render it fatally defective. Where the caption in a complaint is defective, a court can identify the proper party to a suit through analysis and examination of the allegations set forth in the body of the complaint. Callahan v. Wells Fargo & Co., 747 F.Supp.2d 247, 251 (D. Mass. 2010). Although "an improper defendant is indicated in the caption, we may consider a complaint to have named the proper defendant if the allegations made in the body of the complaint make it plain that the party is intended as a defendant." Id. at 25 (citing Barsten v.

---

[17] Docket No. 126, "MOTION REQUESTING RELIEF FROM STAY," Lead Case No. 12-02042.

_Department of the Interior_, 896 F.2d 422 (9th Cir. 1990).   Once the proper party is identified, the court may turn to the substantive legal issues in the case. _Id._

A plain examination of the caption in question shows that Popular Auto used a double caption, appropriate in such contested matters. In the top portion of the caption, Popular Auto clearly mentions both Debtors at the time: Julio E. Gil de la Madrid and the titleholder of the collateral, Matilde de Jesus Rivera.   The body of the complaint mentions "debtors" throughout as the respondents and as the parties subject to the 362 Motion.[18]   Their names, including Debtor in the present action, figure in the top portion of the 362 Motion. Furthermore, the Notice of the 362 Motion contained the names of joint Debtors in both the top and bottom portions of the double caption. The contents of the Notice also named the joint Debtors.[19] According to the Certificate of Service, Popular Auto notified each joint Debtor by certified mail with return receipts requested, as evinced with the green and white return receipts.[20] Popular Auto also notified joint Debtors' counsel of

---

[18] _Id._ at 1, ¶¶4, 5.
[19] Docket No. 126, "NOTICE OF MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. §362," Lead Case No. 12-02042; The Chapter 13 Trustee's name also appears in the bottom portion of the double caption of the 362 Motion, in the Notice of the 362 Motion and in the contents of the Notice.
[20] Docket No. 33, "AMENDED STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT." at Exhibit H, I., Adversary Case No. 13-00199.

- 11 -

record.[21]  The Order granting the 362 Motion contained the names of both Debtors in the double caption.[22]  For this reason, this Court deems Popular Auto's notice of the 362 Motion was adequate and in compliance with Fed. R. Bankr. P. 4001, 7004, 9014, and with Local Bankruptcy Rule 4001-1 regarding service and summons of motions for relief from the automatic stay.

**D.  LACK OF ADEQUATE NOTICE FOR FAILURE TO IDENTIFY THE COLLATERAL**

The Court is largely confronted with the issue of whether the VIN is sufficient to identify a vehicle that is the object of a creditor's motion for relief of stay. If the identification of a vehicle in a creditor's 362 motion granted by default is insufficient, the Court must then consider whether a willful violation of the stay occurred when a creditor later executed upon the vehicle without providing the debtor sufficient notice of the identity of the collateral it intended to repossess.

We turn our analysis to Puerto Rico law. The vehicle subject of the instant dispute is a consumer good purchased for personal property. Commercial Transactions Act of 2012, P.R. Laws, § 9-102(a)(23) (to be codified at P.R. Laws Ann. tit. 19) ("'Consumer goods' means goods that are used or bought for use primarily for personal, family, or household purposes."). The

---

[21] Id. at Exhibit G.
[22] Docket No. 134, "ORDER LIFTING THE AUTOMATIC STAY IN FAVOR OF MOVANT," Lead Case No. 12-02042.

- 12 -

Puerto Rico Commercial Transactions Act governs the creation of a security interest in personal property. Commercial Transactions Act of 2012, P.R. Laws. A security interest attaches and is enforceable against the debtor and third parties with respect to personal property, in relevant part, only if—among other things—the debtor has authenticated a security agreement that provides a description of the personal property. Id. § 9-203(c)(A). The description of personal property "is sufficient, whether or not it is specific, if it reasonably identifies what is described." Id. § 9-108(a). Personal property is reasonably identified if the description is a "(1) specific listing . . . (5) computational or allocational formula or procedure," such as the VIN. Id. § 9-108(b).

A security interest in motor vehicles is perfected when the title to the vehicle is recorded in a certificate of title issued by the appropriate authority. Id. § 9-303(b). Under Puerto Rico law, the PRDMV is the authority vested to issue certificates of title for vehicles and record security interests. Id. § 9-501(a)(1). The Puerto Rico Department of Motor Vehicles Regulation #7357 regarding the Imposition and Cancelation of Security Interests under Law No. 22 of Vehicles and Transit of Puerto Rico expressly states, for administrative purposes, that a VIN is the exclusive identification for a motor

- 13 -

vehicle.[23] A "VIN" is "[t]he identification number assigned by the manufacturer and used by the [PRDMV] as the exclusive identification for the vehicle in question." 7357 P.R.R. Article VI, § VI-19 (Translation supplied).

There appears to be no case law from Puerto Rico regarding the issue of inconsistent description of a motor vehicle with respect to model and year. However, we found an analogous case dealing with the issue. The District Court of the Southern District of West Virginia held on appeal that—among other things—the VIN reasonably described the collateral for the purpose of determining the enforceability of a security interest in bankruptcy court. Ford Motor Credit Co., LLC v. Hicks, 2012 WL 1906419 (Bankr.S.D.W.Va. May 25, 2012). There, the appellee questioned the validity of the creditor's security interest over its vehicle due to contradicting descriptions of the collateral in the security agreement and in the certificate of title. However, the creditor had perfected its interest in the collateral when it applied for and obtained a certificate of title to cover the vehicle using consistent VIN descriptions. "Irrespective of the discrepancy of the model year of the vehicle purchased, [. . .] the description of the property on

---

[23] "Reglamento para la Imposición y Cancelación de Gravámenes bajo la Ley Número 22 de Vehículos y Tránsito de Puerto Rico. Articulo VI, §VI-19."

- 14 -

the Retail Installment Contract [. . .] and the Certificate of Title provides notice of the [debtor's] name, the creditor which may have a security interest in the collateral claimed, and a reasonable description of the property." Id. at 11. The certificate of title reflected the creditor's lien over the collateral described with a VIN. For that reason, there was no dispute as to the identity of the vehicle. Id.

In the present case, the Debtor points out that the 362 Motion stated Popular Auto's intent to execute on a Mercedes Benz make, GL320 model, and 2009 year vehicle. However, Popular Auto repossessed a Mercedes Benz make, GL350 BTC model, and year 2010 vehicle. The Debtor alleges that the repossessed collateral was not the vehicle identified and described as the collateral in the 362 Motion that was granted by the Court. As such, the Debtor claims he was not adequately notified that the Mercedes Benz make, GL350 BTC model, and year 2010 vehicle was object to the lift of stay, resulting in a willful violation of the automatic stay when Popular Auto later levied upon it. Although Popular Auto admits a clerical mistake as to the descriptions of model and year of the collateral, Popular Auto specified the same VIN for the Mercedes Benz vehicle in the 362 Motion and its accompanying exhibits.

- 15 -

Upon this Court's inquiry during oral arguments to consider the motions for summary judgment, Debtor agreed that, according to the PRDMV, the VIN is the one of the markers for identifying a vehicle. If the Debtor perused the motion in its entirety, the exhibits would have indicated to him that the vehicle Popular Auto intended to repossess was consistently identified with the same VIN #4JGBF2FE1AA563295 in the 362 Motion and in Exhibit A (Sales Contract and Certificate of Title to Vehicle). Popular Auto reasonably identified the collateral it intended to repossess with the correct VIN. As such, it provided the Debtor sufficient notice of Popular Auto's intent to move this Court to grant the lift of stay over the vehicle.[24] Although there is a discrepancy in the description of the model and year of the vehicle in the 362 Motion and its exhibits, Popular Auto consistently used the same VIN number throughout the pleadings to identify the collateral, as reflected in both the Certificate of Title and the purchase contract attached as exhibits to the 362 Motion. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Therefore, the Court finds that Popular Auto

---

[24] Furthermore, the Sales Contract and the Certificate of Title to Vehicle in Exhibit A describe a vehicle with license plate #HSB-606. The Debtor's statement of uncontested facts admits that the same license plate number for the vehicle repossessed that was described in the 362 Motion. See Docket No. 28, Adversary Case No. 13-00199, "MOTION FOR SUMMARY JUDGMENT" at 3, ¶ 13.

- 16 -

gave adequate notice of its intent to levy upon the vehicle properly identified with VIN #4JGBF2FE1AA563295.

The Debtor was notified of the 362 Motion and of Popular Auto's intent to execute upon the collateral identified with VIN #4JGBF2FE1AA563295. Popular Auto's notice was adequate and in compliance with service and summons of motions for relief from the automatic stay. If Debtor had any doubt as to which Mercedes Benz was the object of the 362 Motion, he should have promptly opposed the 362 Motion that was notified to him personally by certified mail with return receipt and to his counsel through electronic notice, as indicated in the Certificate of Service filed by Popular Auto. The Debtor should have objected to the relief of stay for the issue to be clarified. It behooves the Debtor not to sleep on his rights. "Parties having knowledge of the pendency of litigation which may affect their interests sit idle at their peril." Candelario del Moral v. UBS Fin. Servs. (In re Efron), 746 F.3d 30, 36 (1st Cir. 2014)(citation omitted).

As discussed above, under Puerto Rico law, the VIN is the key marker for identifying a vehicle. We agree with the Ford Motor case that regardless of the discrepancies of other markers such as model and year, like in our case, the VIN was reported

- 17 -

accurately in the contract and the certificate of title. For this reason, this Court finds that the VIN is the marker for identification of a vehicle when methods of identification such as year, model and make are imprecise and contradictory. Therefore, this Court concludes that a violation of the automatic stay did not occur in the case at hand.

**E. FINALITY OF THE ORDER FOR RELIEF OF THE AUTOMATIC STAY**

Turning to the Debtor's alternative argument, the Debtor questions the merits of the order for relief from stay granted to Popular Auto on July 26, 2013.

The "law of the case" doctrine "makes binding upon a court a ruling made [in] the same ... level [of court] during prior stages of the same litigation." Lacy v. Gardino, 791 F.2d 980, 984 (1st Cir. 1986). "The law of the case doctrine is a prudential principle that 'precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.'" Field v. Mans, 157 F.3d 35, 40 (1st Cir.1998) (quoting Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir. 1996)). Once an order is final, and the same has not been appealed, it becomes the law of the case. First Am. Title Ins. Co. v. Pifalo (In re Pifalo), 379 B.R. 1, 4 (BAP 1st Cir. 2007). The doctrine applies to issues that were litigated and

- 18 -

decided by the court. In re Philip Servs. (Delaware), Inc., 267 B.R. 62, 66 (Bankr. D. Del. 2001).

In the case at bar, the 362 Motion stood unopposed by both Debtors, despite receiving actual notice. The motion was granted by default on July 26, 2013. This Order became a final determination. The Debtor could have filed a timely notice of appeal yet failed to do so. Because of his failure to act the Debtor is barred from objecting to the 362 Motion in this adversary proceeding. The law of the case binds the Debtor from revisiting the merits of the prior Order. The Court rejects Debtor's belated argument challenging the validity of the order granting relief from stay.

### V.   CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion for Summary Judgment with prejudice. The Defendants' Cross-Motion for Summary Judgment is granted on the merits.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of December 2014

_____
MILDRED CABAN FLORES
U. S. Bankruptcy Judge

- 19 -